IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH MENDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK BISIGNANO, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 4:24-CV-00811-DGK-SSA |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Elizabeth Mendez's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including a disorder of the spine, fibromyalgia, migraines, an anxiety disorder, a depression disorder, post-traumatic stress disorder, and attention-deficit/hyperactivity disorder. But the ALJ found that she retained the residual functional capacity ("RFC") to perform light work with certain additional limitations, including work as a price marker, a collator operator, and a router.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs on March 31, 2022, alleging a disability onset date of August 9, 2021. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the case to the ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

2

Case 4:24-cv-00811-DGK    Document 9    Filed 12/30/25    Page 2 of 7

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's actions at Step Four by arguing that the ALJ erred in: (1) assessing the mental components of Plaintiff's RFC; and (2) assessing the physical components of Plaintiff's RFC.

Like prior cases involving Plaintiff's counsel, the Court must first note a unifying deficiency across all arguments in Plaintiff's brief. *See Johnson v. Dudek*, No. 4:24-CV-00125-DGK-SSA, 2025 WL 615406, at *2 (W.D. Mo. Feb. 26, 2025). The ALJ's fifteen-single-spaced-page opinion is incredibly thorough and well-supported. R. at 18–32. The ALJ systematically and carefully analyzed Plaintiff's subjective complaints, the objective medical evidence, and the voluminous opinion evidence before concluding that Plaintiff was not disabled. *Id.*

But to sidestep this reality, Plaintiff repeatedly atomizes and cherry picks record evidence that supports a finding of disability, while ignoring or downplaying the evidence that supported the ALJ's decision. These arguments not only mischaracterize the record and the ALJ's well-supported and thorough decision, but they also invite the Court to do what it cannot: "reweigh the

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

evidence presented to the ALJ or try the issue in this case de novo." *Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019) (internal quotation marks omitted). Plaintiff's kitchen-sink approach also forces the Commissioner to expend considerable time and resources scouring the record and caselaw to refute her meritless arguments.

In prior cases, the Court warned Plaintiff's counsel that if he repeated this approach in future cases, the Court would "summarily affirm the Commissioner's decision and may also impose sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority. All arguments should be targeted to meritorious issues that are supported by the caselaw and factual record." *Johnson*, 2025 WL 615406, at *2.

To Plaintiff's counsel's credit, these briefs are better formatted and slightly more targeted than the ones he filed in the prior case. But the general kitchen-sink approach of raising a litany of legally and factually unsupported arguments is largely the same here. Plaintiff's counsel is coming perilously close to getting sanctioned. While the Court will not impose sanctions in this case, Plaintiff's counsel is again warned that taking this approach in future cases will result in summary affirmance and the imposition of sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority.

I. **Substantial evidence supports the ALJ's RFC formulation with respect to Plaintiff's mental limitations.**

In a meandering set of fact-based arguments supported by only a few rogue citations to cases, Plaintiff contends the ALJ erred in various ways in assessing the mental components of her RFC. Defendant counters Plaintiff's arguments with controlling caselaw and record evidence.

None of Plaintiff's arguments have any merit. First, substantial evidence supports the ALJ's finding that Plaintiff did not have disabling mental limitations in part because her examinations were "relatively normal." Plaintiff's medical records confirmed that she exhibited

normal mood, affect, behavior, thought content, and judgment at many visits. *See* R. 892, 902, 1224, 1244, 1342, 1349, 1385, 1392, 2022, 2407; *see also Swarthout v. Kijakazi*, 35 F.4th 608, 611 (8th Cir. 2022). And although Plaintiff points to records from two providers that suggest more severe limitations in concentration, memory, and mood, even their notes acknowledge normal, fair, or adequate findings for her abstraction, insight, judgment, thought process, and thought content at various visits. R. at 2372–92; 2394–2472. And to the extent their notes supported any functional limitations in concentration, memory, and interactions, the ALJ accounted for those issues by limiting her to simple instructions and limited or no interaction with co-workers and the public. *See* R. at 23.[2]

Second, the ALJ did not err in finding that some of Plaintiff's mental impairments improved with medication. The record contains substantial evidence that Plaintiff's mental impairments improved with medications at times. R. at 1297, 1357, 1393, 1400, 1881, 1888, 2106–07, 2109. Although records from 2023 suggested that her symptoms worsened at times, those same notes do not indicate any disabling functional limitations for the reasons discussed above. And those same notes indicated that she repeatedly had a "fair response" to—or was "doing okay" with—her medications. R. at 2398, 2404, 2411, 2418, 2425, 2432, 2439, 2443, 2446, 2449, 2453, 2463, 2470. At best, there is a mixed record of waxing and waning psychological symptoms with some improvement on medications. Given this record and the lack of evidence of any disabling functional limitations, the ALJ's findings on this front were well within the zone of choice. *See Ross v. O'Malley*, 92 F.4th 775, 779 (8th Cir. 2024).

---

[2] Embedded within this argument, Plaintiff appears to also argue that the ALJ committed reversible error by not citing the treatment records of Ms. Mary Younger. But it was long ago settled that "an ALJ is not required to discuss every piece of evidence submitted" and "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *see also Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). So this subsidiary argument is meritless.

Third, the ALJ did not err in summarizing how Plaintiff's testimony that her mental symptoms alone were not disabling. This is an accurate summary of her testimony, and, by summarizing her testimony, the ALJ was not ignoring her other testimony that her physical pain exacerbated her mental symptoms. The ALJ considered all the record evidence—including objective medical evidence and examination findings—in determining that despite all her impairments, she did not have disabling mental limitations. So there is no error.

## II. Substantial evidence supports the ALJ's RFC formulation with respect to her alleged physical limitations.

Plaintiff also argues that the ALJ erred in formulating the physical components of her RFC by ignoring or misinterpreting evidence. Defendant thoroughly refutes each of Plaintiff's arguments.

Like her arguments about the mental limitations, her arguments about her alleged physical limitations are equally meritless. First, the ALJ did not err in failing to specifically discuss her alleged non-severe impairments with her elbow, hip, or muscle spasms. Plaintiff never mentioned these allegedly severe impairments in her disability application or even at her hearing. R. 45, 252. She only raises them now for the first time to try to manufacture legal error on appeal. But to no avail. The ALJ is under no obligation to specifically list and reject every possible limitation. *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)). And in any event, the ALJ stated in the opinion that she considered all impairments, even if they were not specifically mentioned. R. at 21. Most importantly, there is no evidence—just Plaintiff's *post hoc* speculation—that these alleged impairments imposed any functional limitations.

Second, it was not erroneous for the ALJ not to adopt Plaintiff's claims about her alleged disabling limitations in her ability to sit and stand. The ALJ directly acknowledged Plaintiff's

claims, but she did not find her allegations to be totally credible because they were not supported by the objective medical evidence and Plaintiff's activities of daily living. These reasons are not only supported by substantial evidence, but they are also valid bases for discounting her credibility. *See Austin v. Kijakazi*, 52 F.4th 723, 730–31 (8th Cir. 2022); *Bryant v. Colvin*, 861 F.3d 779, 784 (8th Cir. 2017); *Bernard v. Colvin*, 774 F.3d 482, 488–89 (8th Cir. 2014).

Third, the ALJ did not err by considering her activities of daily living in discounting her credibility. The ALJ was required to consider these daily activities. 20 C.F.R. § 404.1529(c)(3)(i). And while Plaintiff disagrees with the inferences that the ALJ drew from these daily activities, the ALJ's inferences were still supported by the record and well within the zone of choice. *See Ross*, 92 F.4th at 779; *Twyford v. Comm'r Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: December 30, 2025      /s/ Greg Kays
    GREG KAYS, JUDGE
    UNITED STATES DISTRICT COURT